IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PARK PLAZA CONDOMINIUM ASSOCIATION,<br><br>                Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA and PHOENIX INSURANCE COMPANY,<br><br>                Defendants. | CV-17-112-GF-JTJ<br><br>ORDER DENYING MOTION TO DISMISS COUNTERCLAIM |

      Pending is Plaintiff Park Plaza Condominium Association's ("Park Plaza") Motion to Dismiss Defendant's Counterclaim. (Doc. 5). Park Plaza argues this action should be dismissed because Defendants Travelers Indemnity Company of America and Phoenix Insurance Company's (collectively "Travelers") counterclaim seeks declaratory judgment over the same relief as does its Answer and affirmative defenses, and that the Court does not have jurisdiction when the declaratory judgment is identical to the underlying complaint and subject to the same resolution. Additionally, Park Plaza argues that Travelers is in fact impermissibly seeking an advisory opinion. Finally, Park Plaza argues that the counterclaim should be dismissed for failure to join necessary parties under Fed. R. Civ. P. 19. The motion will be denied.

The trial court has discretion in deciding whether to grant declaratory relief. *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (citing *Doe v. Gallinot*, 657 F.2d 1017, 1024 (9th Cir. 1981)). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Moreover, 28 U.S.C. § 2201(a) states that "[i]n a case of actual controversy within its jurisdiction . . . any court . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Generally, there are two criteria for determining whether declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and 2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey*, 738 F.2d at 1470 (quoting *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966), *cert. denied*, 385 U.S. 919 (1966)).

Park Plaza argues that Travelers may not seek declaratory relief that is identical to the claim presented in the Complaint and Answer that is properly before the Court. (Doc. 6 at 2-3). It argues that the Court does not have jurisdiction to adjudicate a claim under Montana law such as this, and should exercise its discretion and dismiss the counterclaim as "total surplusage" that

"provides no relief to anyone" and amounts to an "advisory opinion." (Doc. 14 at 3-4).

In its counterclaim, Travelers alleges that it is entitled to declaratory relief pursuant to Mont. Code Ann. § 27-8-101 *et seq.* because "[t]here is currently a dispute as to whether there is coverage under [the policy] for the claim [Park Plaza] has submitted for damage . . . and if so, the extent to which coverage is available." (Doc. 2 at 13, ¶¶ 5-6). Travelers argues that it is seeking different relief than the relief it would receive through the resolution of the Complaint and its Answer.

> Through [its] Answer and affirmative defenses, [Travelers is] disputing the claims alleged by Park Plaza and setting forth [its] defenses against those claims by stating the basis for disputing those claims. In [its] Counterclaim, by contrast, [Travelers is] asking this Court fo the affirmative relief of a declaration of the rights of the parties by analyzing the rights of the parties by analyzing the insurance policy language at issue and applying such language to the available facts.

(Doc. 12 at 3). Therefore, Travelers argues that the Court has jurisdiction to grant declaratory relief and that such declaratory relief will properly provide the parties with a resolution of the coverage dispute in this case.

As stated above, the Court has discretion to decide whether to grant declaratory judgment. It is not disputed that the Court has jurisdiction over this case under 28 U.S.C. § 1332. Moreover, 28 U.S.C. § 2201 provides that a court can grant declaratory relief "whether or not further relief is or could be sought." As such, the Court will exercise its discretion and authority to allow Travelers to

seek declaratory relief in this case.

Additionally, the Court is not precluded from making declaratory judgment in this case because the coverage dispute is an actual controversy. A Court can only grant declaratory relief in "a case of an actual controversy"; it may not issue an "advisory opinion." *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979); *see* 28 U.S.C. § 2201. "It is well established that what makes a declaratory judgment action 'a proper judicial resolution of a case or controversy rather than an advisory opinion—is [ ] the settling of some dispute which affects the behavior of the defendant toward the plaintiff.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded on other grounds by Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)). A declaratory judgment in this case would determine the coverage dispute between the parties, and as such, there is a case or controversy at issue and granting declaratory judgment would not be an advisory opinion.

Moreover, the admitted failure to join necessary parties is not fatal to Travelers' counterclaim. The Court's scheduling allows the parties to freely amend their pleadings until January 12, 2018. It is anticipated that Park Plaza will amend its pleadings to include the necessary parties, and Travelers will be allowed the same opportunity up until the scheduled date. Therefore, the Court will not dismiss the counterclaim for failure to join necessary parties at this time.

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff Park Plaza's Motion to Dismiss Traveler's Counterclaim (Doc. 5) is **DENIED**.

Dated this 6th day of December, 2017.

John Johnston
United States Magistrate Judge