Alexander (Zander) Blewett III
HOYT & BLEWETT PLLC
P.O. Box 2807
Great Falls, MT 59403-2807
Telephone: (406) 761-1960
Fax: (406) 761-7186
Email: zblewett@hoytandblewett.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PARK PLAZA CONDOMINIUM ASSOCIATION,<br><br>              Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA, PHOENIX INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, AND THE TRAVELERS COMPANIES, INC.,<br><br>              Defendants. | Cause No.: 17-CV-00112-BMM-JTJ<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW the Plaintiff, and for its complaint, alleges as follows:

## COUNT I

1. Plaintiff, Park Plaza Condominium Association, is an association of people who own 35 Individual units of a condominium building entitled "The Park Plaza" located at 405 Park Drive North, Great Falls, Montana 59401.

2. Since 2009 until the present, the Travelers Indemnity Company, Travelers Property Casualty Company of America, the Phoenix Insurance Company, the Travelers Indemnity Company of America, and the Travelers

Company, Inc., have insured the Park Plaza Condominium Association, pursuant to Policy No. 680-4460N581. All of these Defendants are collectively referred to as "Insurers". Under this policy, which was renewed each year, for the payment of premiums of up to $12,549.00 per year, the Insurers promised to pay up to the replacement cost of $13,549,116 for direct physical loss or damage to the Park Plaza Condominium Association building, the "covered property", caused by wind-driven rain, high winds, and wind storms. This promise was accompanied by the following limitation:

> a. We will not pay for loss of or damage to:
>
> (1) The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
> (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
>
> (b) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

During these eight years, the wind and rain, driven by wind, first caused damage to the building's walls, through which the rain then entered and caused damage to interior structures. This limitation is, therefore, inapplicable. In addition, once the wind-driven rain damaged the outside walls of the structure and the rain was driven through the damaged walls, the rain intermittently froze and thawed, causing further damage. Again, the limitations set forth above are inapplicable.

3. The Travelers Company, Inc., is an American Insurance Company which is the second largest writer of U.S. commercial property casualty insurance carrier in the United States. It is a citizen of the State of Minnesota and a citizen

of the State of New York.  This company was founded in 1964 and has since expanded exponentially through mergers.  In the 1990's this company went through a series of mergers and acquisitions.  It was purchased by Primerica in 1993, but maintained the Travelers name.  In 1995 it became the Travelers Group.  It then bought Aetna's Property and Casualty business in 1996.  In 1998, this company merged with Citicorp to form Citigroup.  It then spun Travelers Property and Casualty into a subsidiary company of the Travelers Companies, Inc., in 2002.  In 2004, this company purchased and merged with St. Paul Fire & Marine Insurance Company and became the Travelers Companies, Inc.  All of the Travelers Companies, Inc.'s, Insurers, including St. Paul Fire & Marine Insurance Company and United States Fidelity and Guarantee and the other Insurers which are defendants in this case, operate exclusively under the over-arching Travelers Companies, Inc.'s, brand name.  In this regard, the Travelers Companies, Inc., created wholly owned subsidiaries and trained its employees to act on behalf of those subsidiaries, a common risk management strategy used by United States insurance groups.  If any of the Travelers Companies, Inc.'s, receive too many claims from insureds, this allows the Travelers Companies, Inc., to allow those claims to fall within the liability of one of its insurers, having those insurers accept the liability, while the remainder of the Travelers Companies, Inc., continues to operate normally and avoid the liability and exposure and public relations disasters which result from too many serious claims.  The Travelers Companies, Inc., recites in its 2016 Annual Report that it is a holding company principally engaged, through its subsidiaries, in providing a wide range of commercial and personal property and casualty insurance products and services to businesses, government units, associations and individuals.  The Travelers Companies, Inc.'s Code of Ethics claims it is its policy "To handle claims fairly by paying what we owe and

following the terms of the applicable insurance policies and all claim handling standards, contained in the applicable statutes and regulations. Claim personnel are expected to act promptly and in good faith when handling claims." The Travelers Companies, Inc., and all of its Insurers, listed as parties defendant in this First Amended Complaint, are jointly and severely liable for all claims brought pursuant to Policy No. 680-4460N581.

4. On August 12, 2009, the Insurers' representative and consultant, Steven D. Gilliland, their Senior Risk Control Consultant, met the Park Plaza Condominium Association manager, George Cozino, walked through the entire property, determined that the property was well maintained, provided new recommendations to avoid combustible materials in the elevator machine room, and approved the above-mentioned insurance policy protecting the Park Plaza Condominium Association on behalf of the Insurers.

5. The Park Plaza Condominium Association had previously been insured by Continental Western Group, however, the Insurers convinced the Park Plaza Condominium Association to transfer its insurance business to the Insurers, which advised Park Plaza Condominium Association it would be protected through the Insurers' quality insurance products and excellent customer service.

6. The Continental Western Group Insurance Policy required a premium of $12,642.00 a year, with insurance on the building of only $6,196,032.00, whereas, the Insurers' policy now provides $13,549,116.00 in damage coverage for a premium of $12,549.00 per year.

7. There are no exclusions in the Policy No. 680-4460N581 that exclude coverage for the damage to the Park Plaza building.

8. Since 2009, up to the present time, the high velocity winds, rain and hail in Great Falls, Montana, have caused extensive damage to the exterior

4

envelope of the Park Plaza, with resulting damage to certain interior portions of the Park Plaza after the walls were damaged. The cost of repairing the damage has been determined to be $4,317,181.00 and the Plaintiff has demanded that the Insurers admit coverage and pay the $4,317,181.00 in damages. The Insurers have refused to admit coverage or to pay the damage.

9. The Plaintiff made its demand upon the Insurers to pay as early as March 27, 2017, and, to date, they have refused to admit or deny coverage or to pay. The Plaintiff renewed its demand on August 29, 2017, and, again, the Insurers have refused to admit or deny coverage or pay the claim. The Insurers have therefore forced the Plaintiff to file this action in court to obtain the full benefit of its insurance contract and the Insurers are liable to Plaintiff for its attorneys' fees incurred.

10. The extensive damage to the Park Plaza structure has primarily occurred between 2009 and the present when these Insurers' policies were in effect to protect the Park Plaza Condominium Association.

WHEREFORE, the Insurers are liable, under Count I, to the Park Plaza Condominium Association for the $4,317,181.00 and Plaintiff's reasonable attorneys' fees, in addition to Plaintiff's costs and disbursements incurred herein and such other relief as the Court deems just under the circumstances.

## COUNT II
## **VIOLATIONS OF §§ 33-18-201 AND 242, MCA**

11. Plaintiff realleges all of the allegations set forth above in paragraphs 1 through 10.

12. The Insurers refused to provide Park Plaza with any explanation for their refusal to pay the claim and forced Park Plaza to file a claim in court. At that time, the Insurers provided 14 reasons why they were refusing to pay the claim, all

of which reasons were spurious and direct violations of Montana law.

13. The Insurers violated § 33-18-201(4), (5) and (6), MCA, and are liable to Plaintiff for all damages suffered by Plaintiff, and punitive damages, based on the actual malice of the Insurers, which punitive damages should be based upon the $4,317,181 in contract benefits, plus interest thereon.

WHEREFORE, the Insurers are liable, under Count II, to the Park Plaza Condominium Association for all of its compensatory damages, plus punitive damages, in an amount to be determined by the jury, plus Plaintiff's costs and disbursements incurred herein and such other relief as the Court deems just under the circumstances.

DATED this 6th day of December, 2017.

        HOYT & BLEWETT PLLC

        By:    /s/ Alexander Blewett, III
        Alexander (Zander) Blewett, III
        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands that all issues be tried before a jury.

DATED this 6th day of December, 2017.

        HOYT & BLEWETT PLLC

        By:    /s/ Alexander Blewett, III
        Alexander (Zander) Blewett, III
        Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of December, 2017, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Guy W. Rogers
   Jon A. Wilson
   Brown Law Firm, P.C.
   P.O. Drawer 849
   Billings, MT 59103-0849

   Attorneys for Defendants

HOYT & BLEWETT PLLC


By: /s/ Alexander Blewett, III
    Alexander (Zander) Blewett, III
    Attorneys for Plaintiff