IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PARK PLAZA CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS COMPANIES, INC.; and PHOENIX INSURANCE COMPANY,<br><br>Defendants. | CV 17-112-GF-JTJ<br><br>**ORDER** |

## I. Introduction

On January 8, 2018, Defendants The Travelers Indemnity Company of America, The Phoenix Insurance Company, The Travelers Indemnity Company, and Travelers Property Casualty Company of America (hereinafter the "Moving Defendants") filed a Motion to Bifurcate Plaintiff's Count One and Stay Count Two. (Doc. 29). The Moving Defendants argued that bifurcating the action and staying the second count is proper to prevent undue prejudice to them. (*Id.*) On January 17, 2018, Plaintiff Park Plaza Condominium Association (hereinafter

1

"Park Plaza") filed its response brief, arguing that Courts in the District of Montana do not bifurcate trials on this issue, and that the interests of judicial expediency weigh against bifurcation. (Doc. 31). The Moving Defendants filed their reply brief on January 31, 2018. (Doc. 34).

On January 25, 2018, Defendant Travelers Companies, Inc. (hereinafter "Travelers") filed a Motion to Dismiss with Prejudice, arguing that the Court does not have personal jurisdiction over it, and that service upon it was improper. (Doc. 32). On February 8, 2018, Park Plaza filed its response brief, arguing that Travelers's control over its subsidiaries was sufficient to grant jurisdiction over Travelers, and that any improper service could be cured. (Doc. 37). Travelers filed its reply brief on February 21, 2018. (Doc. 39).

On March 6, 2018, the Court held a hearing on both motions at the Missouri River Federal Courthouse in Great Falls, Montana. The issues have been fully briefed in both motions and are ripe for adjudication.

## II. Background

Since 2009, Park Plaza has been insured by the Travelers Indemnity Company of America and Phoenix Insurance Company ("Phoenix"). (Doc. 8 at ¶2). Park Plaza alleges that during that period up to the present time, heavy winds, rain, and hail have damaged the exterior envelope of its building, for which it

demands coverage under its insurance policies issued by the Moving Defendants. (*Id*. at ¶7). The Moving Defendants disputed the amount of damage to the building and the cause of the damage and claim that Park Plaza's demand for coverage "required further investigation." (Doc. 30 at 3). Park Plaza filed suit against the Moving Defendants, alleging breach of contract (Count One) and various violations of the Montana Unfair Trade Practices Act ("UTPA") (Count Two). (*See* Doc. 23 at ¶¶1-13).

### III.  Analysis

#### A.  Bifurcation and stay

Federal Rule of Civil Procedure 42(b) governs bifurcation in federal actions and states as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The UTPA also provides that claims brought under it "may be bifurcated for trial where justice so requires." Mont. Code Ann. § 33-18-242(6)(a). Finally, the trial court has broad discretion in deciding whether to bifurcate proceedings under Rule 42(b). *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005); *Hangarter v. Provident Life and Ace. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

Rule 42(b) "is intended to further many significant policies–the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice." *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 (3d ed.). The party seeking bifurcation must prove "that bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal 1992); *Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003). It is the moving party's burden to show that bifurcation is warranted. *Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003).

The Moving Defendants argue that the Court should exercise its broad discretion to bifurcate the issues as is necessary to prevent prejudice to the Moving Defendants. (Doc. 30 at 5). They argue that allowing evidence of their alleged UTPA violations would prejudice a jury with respect to the alleged coverage claims. Additionally, the Moving Defendants contend that unless the case is bifurcated, the Moving Defendants may be required to divulge work product or attorney-client communications in the context of Park Plaza's bad faith claim, thereby allowing Park Plaza to use this discovery in preparing for its breach of contract claim. (*Id*. at 5-7). The Montana Supreme Court has identified this as a potential source of prejudice to the defendant insurer:

> The insurance company is put in a difficult position by having to defend a bad faith case before the underlying case has been determined. Discovery of the insurer's file in a bad faith case raises difficult "work product" and "attorney-client" problems affecting the underlying case. . . . [T]he procedural rule [to the contrary] unfairly works a prejudice to the insurers. The system must be balanced. All parties should be accorded fair and just treatment under the law.

*Fode v. Farmers Ins. Exchange*, 719 P.2d 414, 417 (Mont. 1986). The Court went on to rule that "all proceedings in a bad faith case, alleging violations of the code which require a showing that liability be reasonably clear, are suspended until the liability issues of the underlying case have been determined[.]" *Id.*

However, courts in the District of Montana have repeatedly declined to bifurcate claims in similar circumstances. *See e.g.*, *Routh v. Travelers*, 2017 WL 4074026 (D. Mont. 2017); *Nei v. Travelers Home & Marine Ins. Co. and Related Travelers Companies*, CV-17-137-M-DWM, Doc. 13 (Dec. 13, 2017). Those courts held that "judicial economy and convenience did not support bifurcation, because the question of whether the insured suffered physical injury was also relevant to the insured's bad faith claim and resolution of the two claims would depend on similar evidence and witnesses." *Nei* Order, Doc. 13 at 2-3 (citing *Routh* at *7).

The Moving Defendants attempt to distinguish these cases, stating that liability was not in dispute in *Routh* and *Nei*, and therefore there was no need for

5

bifurcation, as there is here. (Doc. 34 at 6-7). As stated in *Nei*, "bifurcation [is] not appropriate because the 'concern that an insurer may suffer prejudice when it is forced to simultaneously defend bad faith in its handling of the underlying accident and liability for the underlying accident,' is not an issue when 'liability is not a contested issue.' " *Nei* Order, Doc. 13 at 2-3 (citing *Routh* at *6). In *Fode*, the fact that liability was still in dispute was integral to the Supreme Court's finding of prejudice. *Fode*, 719 P.2d at 417. Here, the Moving Defendants argue that there is a dispute as to liability in the coverage claim, so the reasoning behind *Routh* and *Nei* is not on point, and the Court should follow the ruling of the Montana Supreme Court in *Fode*.

However, the Court finds the case *Bloxham v. Mountain West Farm Bureau Mut. Ins. Co.*, 43 F.Supp.2d 1121 (D. Mont. 1999), to be more analogous to the instant case. In *Bloxham*, the claimant Bloxham sued his insurer for breach of contract and UTPA violations after he drove his vehicle into a tennis court. *Id.* at 1123-24. The underlying issue was a coverage dispute of whether Bloxham's act was intentional, while the UTPA claim depended on whether the insurer conducted a reasonable investigation before denying Bloxham's claim. *Id.* at 1124. The insurer moved to bifurcate the claims on the same grounds as do the Moving Defendants. *Id.* at 1129. Here too, the underlying issue is a coverage dispute;

6

"liability" is not at issue as it was in *Fode*. The only dispute is whether coverage does or does not exist, not whether any party or third party was responsible for the underlying incident. Because of this, the Court in *Bloxham* found that the issues were "extremely intertwined" and denied the insurer's motion to bifurcate. *Id*.

Despite the fact that the issues in this case are similarly intertwined, the Moving Defendants argue that the counts should still be bifurcated because the prejudice factor weighs heavily in their favor. Prejudice, they argue, "constitutes the most important factor for bifurcating purposes." (Doc. 30 at 5 (listing cases)). It is true, under the reasoning set forth in *Fode*, that the Moving Defendants may suffer some prejudice, both at trial and potentially during the discovery process. *See Fode*, 719 P.2d at 417. However, it would also prejudice Park Plaza to be forced to try its case twice in front of two different juries. Additionally, when a plaintiff would be forced to go through two separate trials to resolve related claims, "convenience of the parties weighs against bifurcation." *N. Pac. Ins. Co. v. Stucky*, 2013 WL 5408837, *3 (D. Mont. 2013). Park Plaza's claims are related and it will likely present the same evidence and witnesses on both counts. Therefore, separate trials would result in undue delay, expense, inconvenience, and prejudice, and would ultimately interfere with efficient judicial administration.

The Court is mindful of the potential prejudice the Moving Defendants may

suffer. However, this action is not procedurally far enough along for the Court to make a proper determination as to what prejudice Moving Defendants may suffer if the claims are tried at the same time. As litigation in this matter continues, the Court will entertain future motions or argument seeking to limit prejudice as it becomes apparent. The Moving Defendants may request the Court to take steps to minimize any prejudice or confusion from trying the claims together, including limiting instructions, limiting evidence or UTPA references at various stages of trial, or requesting that the claims to be tried sequentially to the same jury. *See Bloxham*, 43 F.Supp.2d at 1124; *Malta Pub. School Dist. v. Mont. Seventeenth Judicial Dist. Ct.*, 938 P.2d 1335 (Mont. 1997).

For the reasons stated above, the Moving Defendants' Motion to Bifurcate and Stay will be denied.

### B. Motion to dismiss

#### 1. Personal jurisdiction

Montana's long-arm statute permits courts to exercise personal jurisdiction over non-residents to the maximum extent permitted by federal due process. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 578 (9th Cir. 2011) (citation omitted); *see* Mont. Fed. Rule Civ. P. 4(b)(1). Personal jurisdiction can either be general or specific. General jurisdiction exists where a corporation has certain minimum

contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-19 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). As to specific jurisdiction, courts in the Ninth Circuit use a three-part test to determine whether a court can exercise specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*King*, 632 F.3d at 579-80 (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). All three requirements must be met to comport with due process. *Id*. at 580 (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).

Park Plaza admits that this Court does not have general jurisdiction over Travelers. (Doc. 37 at 2). Therefore, Park Plaza must demonstrate that Travelers's actions in the state comport with the three-part test set forth in the Ninth Circuit.

9

*See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate").

Travelers argues that it has not availed itself of the protections and benefits of Montana law so as to invoke specific jurisdiction. Travelers states that it is not licensed to do business in Montana; it has no offices, officers, directors, or employees in Montana; it does not underwrite, sell, or provide insurance in Montana (it is a holding company); it is not registered or authorized to sell insurance in Montana; and that it has not assumed any contractual obligations of the other defendants who are its subsidiaries. (Doc. 33 at 4-5). Therefore, Travelers argues that none of the three-requirements set forth in *King* can be met, and the Court cannot exercise specific personal jurisdiction over it.

Park Plaza argues that due to Travelers's control over its subsidiaries, it has transacted business in Montana and is within reach of its long-arm statute. (Doc. 37 at 2). Park Plaza acknowledges the well-established rule that "a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." (*Id.* (citing *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir.

2003)). It argues, however, that there is an agency exception which imputes a subsidiary's contacts with the forum to the parent where the subsidiary acts as the general agent to the parent. (*Id.*)

As evidence of this agency relationship, Park Plaza cites to Travelers's 2016 Annual Report, in which Travelers stated:

> The Travelers Companies, Inc. (NYSE: TRV) is a leading provider of property and casualty insurance for auto, home and business. . . .
>
> The Travelers Companies, Inc. (together with its consolidated subsidiaries, the company) is a holding company principally engaged, through its subsidiaries, in providing a wide range of commercial and personal property and casualty insurance products and services to businesses, government units, associations and individuals.

(Doc. 38-1 at 2, 4). Additionally, Park Plaza cites to Travelers's Code of Conduct, which it argues shows that Travelers "has instructed its subsidiaries to underwrite and adjust insurance claims and has given those subsidiaries a direct Code of Conduct which everyone must follow on behalf of [Travelers]." (Doc. 37 at 6; *see* Doc. 38-2). Park Plaza argues that this evidence illustrates that Travelers "is clearly in the insurance business and is clearly directing its agents and its subsidiaries how to act and is responsible for transacting business in Montana and for committing torts in Montana," and therefore the Court can exercise specific jurisdiction over Travelers. (*Id.* at 7).

The Ninth Circuit has disavowed the agency test:

> "While [the Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014)] reserved judgment on the viability of agency theory as a general concept, it did not suggest that our particular *formation* for finding an agency relationship should survive in the context of specific jurisdiction. To the contrary, the *Daimler* Court's criticism of the *Unocal* standard [i.e. the agency test] found fault with the standard's own internal logic, and therefore applies with equal force regardless of whether the standard is used to establish general or specific jurisdiction.

*Williams v. Yamaha Motor Co., Ltd.*, 851 F.3d 1015, 1024 (9th Cir. 2017) (emphasis in original). It is arguable whether Park Plaza would have satisfied the test for specific jurisdiction under the previous, more liberal standard, given Travelers' lack of operational control over its subsidiaries.[1] However, the Court need not answer that question, as Travelers's actions clearly do not meet the three-part test absent the agency test. As a parent holding company, Travelers has not "purposefully direct[ed its] activities" with Montana and has not "purposefully avail[ed itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *King*, 632 F.3d at 579. Therefore, the Court lacks jurisdiction over Travelers under both Montana's long-arm statute and the federal Due Process Clause.

### 2. Improper service

---

[1] "'[I]f the parent's control over the subsidiaries activities is so complete that [] the subsidiary is, in fact, merely a division or department of the parent,' then the parent may be viewed as doing business through its subsidiary in the forum state, such that it is subject to the jurisdiction of that state's courts." *Fitzer v. Am. Inst. of Baking*, 2016 WL 4223612 at *6 (S.D. Ga. 2016) (quoting *Drumm Corp. v. Wright*, 755 S.E.2d 850, 854 (Ga. App. 2014)).

Travelers argues that it should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5). (Doc. 33 at 11-12). It argues that service on the Commissioner of Securities and Insurance ("CSI") under Mont. Code Ann. § 33-1-601 was improper because Travelers is not registered, authorized, or licensed to sell insurance in Montana. (Doc. 33 at 2-3). Thus, Travelers argues it has received insufficient service of process, and the case should be dismissed.

A court cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Because it is not an insurance company, Park Plaza was required to serve Travelers as a corporation pursuant to Fed. R. Civ. P. 4(h). Park Plaza seemingly does not contend that service was improper, but argues that it should be allowed to cure this error and properly serve Travelers in Minnesota. (Doc. 37 at 10). While improper service generally can be cured, a court should dismiss an action with prejudice if any cure in service would be futile. *Blum v. Barrett Hosp. Development Corp.*, 2016 WL 8674483, at *4 (D. Mont. 2016). Here, even proper service under Rule 4(h) would not grant personal jurisdiction over Travelers for the reasons stated above. The Court lacks personal jurisdiction over Travelers, and therefore any attempt to cure service would be futile.

### IV. Conclusion

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants The Travelers Indemnity Company of America, The Phoenix Insurance Company, The Travelers Indemnity Company, and Travelers Property Casualty Company of America's Motion to Bifurcate Plaintiff's Count One and Stay Count Two (Doc. 29) is **DENIED**.

2. Defendant The Travelers Companies, Inc.'s Motion to Dismiss with Prejudice (Doc. 32) is **GRANTED.**

Dated this 20th day of March, 2018.

John Johnston
United States Magistrate Judge