# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| PARK PLAZA CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA, PHOENIX INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, AND THE TRAVELERS COMPANIES, INC.,<br><br>Defendants. | CV 17-112-GF-JTJ<br><br>**ORDER** |

## **INTRODUCTION**

Plaintiff, Park Plaza Condominium Association (Park Plaza), brought this action against Defendants The Travelers Indemnity Company of America, Phoenix Insurance Company, The Travelers Indemnity Company, Travelers Property Casualty Company of America, and the Travelers Companies, Inc. (collectively Travelers), asserting claims for breach of insurance contract and statutory bad faith.

Presently before the Court are the following two motions: 1) Park Plaza's

Motion for an Order Enforcing Travelers' Irrevocable Assertion of the Attorney Client Privilege; and 2) Park Plaza's Motion to Strike Travelers' Expert Rebuttal Report by Mr. Dethlefs.  Travelers opposes both motions. The Court conducted a hearing on the motions on October 17, 2018.  The Court is prepared to rule.

## BACKGROUND

Park Plaza is an association of people who own 35 individual units of a condominium building in Great Falls, Montana, entitled the "Park Plaza" building. Park Plaza has insured the Park Plaza building since 2009 under an insurance policy issued by Travelers — Policy No. 680-4460N581.  The concrete siding on the exterior of the Park Plaza building has cracked.  Park Plaza contends that high winds, wind-driven rain, wind pressure, and story drift has caused the damage. Park Plaza submitted a notice of damage claim to Travelers on April 13, 2017, seeking coverage under Policy No. 680-4460N581.  Travelers began investigating the damage claim upon receipt of the notice.

Park Plaza filed the present lawsuit in the Montana Eighth Judicial District Court, Cascade County on September 8, 2017, while Travelers was investigating the claim.  Travelers removed the case based on this Court's diversity jurisdiction.

Park Plaza's Amended Complaint has two counts.  Park Plaza asserts a claim against Travelers for breach of insurance contract, and a claim for statutory bad

faith under Montana's Unfair Trade Practices Act, Mont. Code Ann. §§ 33-18-201(4), (5), and (6). Park Plaza alleges that Travelers committed bad faith: 1) by refusing to pay its claim without conducting a reasonable investigation: 2) by failing to affirm or deny coverage within a reasonable period of time; and 3) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when liability was reasonably clear. *Id*.

Travelers argues that the cracks in the siding panels were caused by "restrained movement of the panels" due to faulty installation. (Doc. 64 at 4; Doc. 73 at 10-11). Travelers argues that "the panels should not have been rigidly attached to the Park Plaza building." (Doc. 73 at 11). Travelers argues that the rigid attachment prevented the panels from accommodating volume changes as the panels shrank and expanded due to changes in moisture and temperature." *Id*.

Travelers has asserted a counterclaim against Park Plaza seeking a declaration that Policy No. 680-4460N581 provides no coverage for the damage to the Park Plaza building. (Doc. 25 at 15-21). Travelers contends that no coverage exists for the following four reasons: 1) The claimed loss was already known and in progress when Policy No. 680-4460N581 took effect; 2) Park Plaza did not give Travelers prompt notice of the loss; 3) No proof exists that damage in excess of the policy deductible resulted from an event that occurred during the policy period;

3

and 4) Coverage exclusions in Policy No. 680-4460N581 operate to bar coverage. (Doc. 63-1 at 2-3). Travelers alleges that Park Plaza's bad faith claim fails because it had a reasonable basis in both law and fact for contesting coverage. (Doc. 25 at 14).

Travelers provided Park Plaza notice of its decision to deny coverage on August 1, 2018. (Doc. 63-1). Traveler's Executive General Adjuster, Kevin Brown sent Park Plaza's lawyer a letter explaining why Travelers was denying coverage. *Id.*

## DISCUSSION

### A.   Park Plaza's Motion for an Order Enforcing Travelers' Irrevocable Assertion of the Attorney Client Privilege

On April 24, 2018, Park Plaza moved the Court for an Order requiring Travelers to make an irrevocable declaration of whether it intended to invoke the attorney-client privilege with respect to the claims alleged by Park Plaza. (Doc. 46). The Court granted the motion. (Doc. 58). The Court ordered Travelers to make its declaration on or before July 6, 2018. (Doc. 58 at 9).

Travelers complied with the Court's Order. Travelers informed Park Plaza on July 6, 2018, that it had elected to assert the attorney-client privilege with respect to all of Park Plaza's claims. (Doc. 64-1 at 120). Travelers, by asserting the attorney-client privilege, forfeited its right to assert an advice of counsel

4

defense in opposition to Park Plaza's bad faith claim.

Park Plaza has now moved for an order enforcing Travelers' irrevocable assertion of the attorney-client privilege. Park Plaza urges the Court to enforce Travelers' irrevocable assertion of the attorney-client privilege by prohibiting Travelers from offering any evidence at trial, whether testimonial or documentary, that was developed with the assistance or advise of counsel. ( Doc. 62 at 2). Park Plaza argues that the evidence to be excluded at trial should include Mr. Brown's August 1, 2018, letter denying coverage. (Doc. 63 at 1-3). Park Plaza argues that the Court should preclude Mr. Brown's letter because it appears the letter was drafted with the assistance of counsel. *Id*. at 3. Park Plaza argues that it would not be fair to allow Travelers present evidence at trial that was developed with the assistance of coverage counsel, given that Travelers has not asserted the advice of counsel defense. *Id*.

Travelers argues that the Court should deny Park Plaza's motion for the following reasons: 1) It did not waive the right to present evidence at trial that was developed with the assistance when it declined to assert the advice of counsel defense; and 2) Mr. Brown's August 1, 2018, letter cites to numerous facts, such as a laboratory report and documents from Park Plaza's historical records, that were developed with no assistance from counsel. (Doc. 64 at 2-3).

The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients." *Upjohn Co. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege ensures "that attorneys are free to give accurate and candid advice without the fear that the advice will later be used against the client." *Palmer by Diacon v. Farmers Ins. Exchange*, 861 P.2d 895, 906 (Mont. 1993). Montana's attorney-client privilege law applies in this case given that this Court's jurisdiction is predicated upon diversity of citizenship. *Dion v. Nationwide Mutual Insurance Company*, 185 F.R.D. 288, 294 (D. Mont. 1998). Montana's attorney-client privilege statute provides as follows:

> (1) An attorney cannot, without the consent of the client, be examined as to any communication made by the client to the attorney or the advice given to the client in the course of professional employment.
>
> (2) A client cannot, except voluntarily, be examined as to any communication made by the client to the client's attorney or the advice given to the client by the attorney in the course of the attorney's professional employment.

Mont. Code Ann. § 26-1-803.

"The attorney-client privilege applies . . . in bad faith litigation." *Dion*, 185 F.R.D. at 294. The attorney-client privilege applies in both third-party and first-party bad faith cases, subject to a single exception. *Id*. The attorney-client privilege does not apply when the insurer's attorney represents the interests of both

6

the insured and the insurer. *Barnard Pipeline, Inc. v. Travelers Property Casualty Company of America*, 2014 WL 1576543 *3 (D. Mont 2014) (citing *Palmer*, 861 P.2d at 906). That exception does not apply here.

The attorney-client privilege applies to all "communications in which legal advice is sought by a client, or legal advice is given by an attorney," absent a voluntary waiver of the privilege. *Moe v. System Transport, Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010). An insurer waives the attorney-client privilege in a bad faith case when it relies on the advice of counsel defense. *Barnard Pipeline*, 2014 WL 1576543 *4; *Palmer*, 861 P.2d at 907. An insurer does not waive the attorney-client privilege, however, "simply because the insurer's representative . . . has listened to advice of counsel in deciding to deny an insured's claim." *Barnard Pipeline*, 2014 WL 1576543 *4. No insurer would seek the advice of coverage counsel, if an insurer's mere reliance on the advice of counsel would operate as a waiver of the attorney-client privilege. *Botkin v. Donegal Mutual Ins. Co.*, 2011 WL 2447939 *6 (W.D. Va. 2011).

Here, Travelers has invoked its right to assert the attorney-client privilege. Travelers may present evidence at trial that was developed with the assistance of coverage counsel notwithstanding its assertion of the attorney-client privilege. Travelers has not waived its attorney-client privilege simply because Mr. Brown

7

"listened to the advice of counsel" when he drafted his August 1, 2018, letter denying coverage. See *Barnard Pipeline*, 2014 WL 1576543 *4. Park Plaza has presented no legal authority to the contrary.

Travelers may offer Mr. Brown's August 1, 2018, letter as evidence at trial. Travelers should remain mindful, however, that if it informs the jury that Mr. Brown's letter was drafted with the assistance or advice of counsel, such a disclosure may be properly construed as a waiver of the attorney-client privilege.

B. **Park Plaza's Motion to Strike Travelers' Expert Rebuttal Report by Mr. Dethlefs**

The Court issued a Scheduling Order in this matter on January 3, 2018. (Doc. 28). The Court ordered the parties to simultaneously disclose liability and damage experts (with expert reports) on August 8, 2018, and to simultaneously disclose rebuttal experts (with expert reports) on September 7, 2018. (Doc. 28 at 2). Travelers submitted the rebuttal expert report of Richard Dethlefs in September 2018.

Park Plaza has moved to strike Mr. Dethlefs's rebuttal expert report. Park Plaza argues that the Court should strike Mr. Dethlefs's rebuttal expert report for the following reasons: "1) [it] is not proper rebuttal, 2) it contains opinions regarding wind damage, which Mr. Dethlefs chose not to even mention in his original report, even though wind damage formed the essence of this case from the

beginning, and 3) Mr. Dethlefs has attempted to attack the credibility, qualifications and work performed by [its damage expert John] Bolton." (Doc. 66 at 1).

Travelers argues that the Court should allow Mr. Bolton's rebuttal because: 1) the rebuttal report was substantially justified given that Park Plaza had not disclosed its "story drift and wind pressure [damage] theories" before the August 8, 2018, expert disclosure deadline; 2) Park Plaza has suffered no unfair prejudice; and 3) the Fed. R. Civ. P 26(a)(2)(D)(ii) authorizes a party to submit a rebuttal report that would contradict or rebut the work of an opposing party's expert. (Doc. 73 at 21-25).

Prior to the August 8, 2018 expert disclosure deadline, Park Plaza had informed Travelers that the damage to the Park Plaza building had been caused by "very high velocity windstorms" (Doc. 67-1 at 1), "high winds . . . coupled with sand and debris blowing onto the surface" of the concrete panels (Doc. 67-2 at 6); and "wind-driven rain, high winds, and wind storms." (Doc. 23 at 2). Park Plaza disclosed "story drift," and "wind pressure" as additional causes of damage to the Park Plaza building for the first time in Mr. Bolton's original expert report submitted in August 2018. Given that Park Plaza had not advanced the "story drift" and "high pressure" damage theories before August 8, 2018, Travelers was

9

entitled to submit a rebuttal report that contradicted or rebutted those undisclosed damage theories. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Park Plaza's motion to strike Mr. Dethlefs's rebuttal report will be denied. The Court will allow Mr. Bolton, however, to have the final word on this matter. The Court will allow Mr. Bolton to submit a limited sur-rebuttal report addressing "story drift" and "high pressure" wind damage.

Accordingly, IT IS ORDERED:

1. Park Plaza's Motion for an Order Enforcing Travelers' Irrevocable Assertion of the Attorney Client Privilege (Doc. 62) is DENIED.

2. Park Plaza's Motion to Strike Travelers' Expert Rebuttal Report by Mr. Dethlefs (Doc. 66) is DENIED.

3. Mr. Bolton may submit a limited sur-rebuttal expert report in response to Mr. Dethlefs's rebuttal report on or before November 16, 2018. The sur-rebuttal report shall be limited to issues relating to "story drift" and "high pressure" wind damage.

4. Travelers shall be allowed to depose Mr. Bolton on the opinions stated in his sur-rebuttal report. The deposition of Mr. Bolton must be conducted at a time and place that reasonably accommodates Mr. Bolton's health issues. The deposition may not exceed two hours in length.

DATED this 5th day of November, 2018.

_____
John Johnston
United States Magistrate Judge