# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| PARK PLAZA CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA, PHOENIX INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, AND THE TRAVELERS COMPANIES, INC.,<br><br>Defendants. | CV 17-112-GF-JTJ<br><br><br>**ORDER** |

The Court conducted a hearing on all pending motions on February 20, 2019. Plaintiff Park Plaza Condominium Association (Park Plaza) was represented by Anders Blewett, Esq. Defendants (collectively referred to as "Travelers") were represented by James T. Derrig, Esq. and Jon A. Wilson, Esq. The Court granted some of the motions and denied some of the motions for the reasons stated in open court. The Court took some of the motions under advisement. The Court will rule on the motions that were taken under advisement

in separate orders or at trial. This Order summarizes the rulings of the Court during the hearing.

IT IS HEREBY ORDERED:

1. Park Plaza's First Motion for Partial Summary Judgment (Doc. 79) is GRANTED in part, and TAKEN UNDER ADVISEMENT in part, as follows:

   a. The motion is GRANTED with respect to Issue No. 1 (fortuitous occurrence). The Court has determined that wind and wind-driven precipitation may qualify as a fortuitous occurrence. Wind and wind-driven rain would qualify as a fortuitous occurrence if Park Plaza can show that it did not know in April 2009, that the wind or wind-driven rain would cause the type of loss for which it now seeks to recover damages from Travelers.

   b. The portion of the motion relating to Issue No. 2 (loss-in-progress defense) is TAKEN UNDER ADVISEMENT. The Court will address the loss-in-progress defense at trial after the record is more fully developed. The Court intends to instruct the jury on the loss-in-progress defense.

   c. The motion is GRANTED with respect to Issue Nos. 3 and 4 (wind and wind-driven precipitation as separate and distinct causes of loss). The Court has determined that wind and wind-driven precipitation may qualify as separate and distinct causes of loss that are not subsumed by any of the policy exclusions relied upon by Travelers.

2. Park Plaza's Second Motion for Partial Summary Judgment (Doc. 82) is GRANTED in part, DENIED in part, and TAKEN UNDER ADVISEMENT in

part, as follows:

    a.    The motion is DENIED with respect to Issue No. 1 (concurrent cause doctrine). The Court has determined that the efficient proximate cause rule governs this case. The Court will instruct the jury on the efficient proximate cause rule as defined under Montana law.

    b.    The motion is GRANTED with respect to Issue No. 2 (the meaning of the phrase "events occurring during the policy period" as used in Section F.8 of Travelers' policy). The Court has determined that the phrase "events occurring during the policy period" as used in Section F.8 of the Travelers' policy is ambiguous when applied to the progressive and incremental loss that occurred in this case. The Court must construe the phrase broadly in favor of coverage. The Court has determined that when wind or wind-driven precipitation causes a continuing and progressive loss that continues through multiple policy periods, the wind or wind-driven precipitation would qualify as an "event occurring" during each policy period.

    c.    The portion of the motion relating to the Issue No. 3 (the continuous trigger rule) is GRANTED to the following extent. Park Plaza is not required to prove the monetary loss attributable to a particular wind or wind-driven precipitation event. Park Plaza is not required to prove the specific monetary loss that occurred during a particular policy period. Park Plaza need only prove that wind or wind-driven precipitation caused a monetary loss in excess of $2,500 during a particular policy period.

    d.    The motion is DENIED with respect to Issue No. 4 (application of a single deductible). The Court will ask the jury to determine, for each of the nine policy periods, whether Park Plaza has suffered a loss in excess of $2,500 for which wind and/or wind-driven precipitation was the efficient proximate cause. If the jury determines that such a loss in excess of

3

$2,500 has occurred during a particular policy period, the $2,500 deductible for that policy period will be triggered.

3. Park Plaza's Third Motion for Partial Summary Judgment (Doc. 91) is GRANTED in part, DENIED in part, and TAKEN UNDER ADVISEMENT in part, as follows:

    a. The motion is DENIED with respect to Issue No. 1 (professional negligence) and is DENIED with respect to Issue No. 2 (applicable professional negligence standard). The Court has determined that the exclusion in Section B.3.c.2 of Travelers' policy does not require proof of professional negligence.

    b. The portion of the motion relating to Issue No. 3 (the defective materials exclusion in Section B.3.c.3 of Travelers' policy) is TAKEN UNDER ADVISEMENT. The Court will rule on this issue at trial after the record has been more fully developed.

    c. The motion is GRANTED with respect to the Issue No. 4 (the weather conditions exclusion in Section B.3.a. of Travelers' policy). Travelers has conceded that the weather conditions exclusion does not apply in this case.

    d. The portion of the motion relating to Issue No. 5 (the repeated seepage or leakage of water exclusion in Section B.2.f. of Travelers' policy) is TAKEN UNDER ADVISEMENT. The Court will rule on this issue at trial after the record has been more fully developed.

4

4. Travelers' Motion for Partial Summary Judgment (Doc. 96) is DENIED for the following reasons:

    a. The motion is DENIED with respect to Issue No. 1 (fortuitous occurrence). The Court has determined that wind and wind-driven precipitation may qualify as a fortuitous occurrence. Wind and wind-driven rain would qualify as a fortuitous occurrence if Park Plaza can show that it did not know in April 2009, that the wind or wind-driven rain would cause the type of loss for which it now seeks to recover damages from Travelers.

    b. The motion is DENIED with respect to Issue No. 2 (applicability of policy exclusions). The Court has determined that issues of material fact exist as to whether any policy exclusions operate to bar coverage.

    c. The motion is DENIED with respect to Issue No. 3 (efficient proximate cause). The Court has determined that issues of material fact exist as to whether wind and/or wind-driven precipitation was the efficient proximate cause of the loss claimed by Park Plaza.

5. Travelers' Motion for Partial Summary Judgment (Doc. 101) is GRANTED in part, and TAKEN UNDER ADVISEMENT in part, as follows:

    a. The portion of the motion relating to Park Plaza's bad faith claim under Mont. Code Ann. § 33-18-201(6) is GRANTED. Park Plaza has conceded that liability is not reasonably clear.

    b. The Court took the other issues raised by the motion under advisement during the hearing on February 20, 2019. The Court will rule on these unresolved issues in a separate order.

6. Travelers' Motion to Bifurcate the Trial (Doc. 106) is GRANTED. The breach of contract claim and the bad faith claim shall be presented to the same jury sequentially.

7. Travelers' Motion in Limine (Doc. 108) is GRANTED in part, DENIED in part, and TAKEN UNDER ADVISEMENT in part, as follows:

    a. Park Plaza may not present evidence as to the meaning of any policy provision in Travelers' insurance policy.

    b. Park Plaza may present evidence regarding Travelers' underwriting policies, procedures and guidelines, only to the extent described during the hearing on February 20, 2019.

    c. The portion of the motion relating to "local prejudice" is taken under advisement. The Court will address this issue before trial.

    d. Park Plaza may not present evidence that an early resident of the Park Plaza building was related to the builder.

    e. The portion of the motion relating to "John Bolton's story drift theory" was taken under advisement. The Court will rule on this issue in a separate order.

    f. Park Plaza may not present evidence that Travelers poached business from Park Plaza's prior insurer.

    g. Park Plaza may present evidence on the various inspections conducted at the Park Plaza building. Park Plaza may not present evidence that Travelers' loss control inspector acted negligently when he inspected the Park Plaza building.

    h. Park Plaza may not present evidence of Travelers' alleged bad

faith during the breach of contract phase of the trial.

    i. Park Plaza may not present evidence regarding Travelers financial condition unless and until the jury concludes that Travelers has violated Montana's Unfair Trade Practices Act.

    j. Park Plaza may not exaggerate the amount and type of wind that the Park Plaza building experienced.

    k. Park Plaza may not present evidence that Travelers filed a motion in limine pretrial.

    l. The Court shall enforce Federal Rule of Evidence 615 at trial.

8. Park Plaza's Motion in Limine (Doc. 111) is GRANTED in part, DENIED in part, and TAKEN UNDER ADVISEMENT in part, as follows:

    a. An expert witness may comment on the methodology employed by an opposing expert witness. An expert witness may not make personal attacks on an opposing expert witness.

    b. Travelers may not argue that Park Plaza's claim is barred for failure to comply with the notice provision in the Travelers' policy, until Travelers presents evidence that it has suffered prejudice.

    c. The portion of the motion relating to the wear and tear exclusion and the deterioration exclusion is taken under advisement. The Court will address these issues at trial.

    d. Travelers may not argue at trial that Park Plaza must prove the specific monetary loss attributable to a particular wind or wind-driven precipitation event. Travelers may not argue at trial that Park Plaza must prove the specific monetary loss caused by wind and wind-driven precipitation in each policy period.

e. Travelers may not argue that incremental and progressive wind and wind-driven precipitation are not covered by its insurance policy.

f. Travelers may not rely on any defenses at trial that were not asserted in its denial letter of August 1, 2018.

g. Travelers may not make any reference to the defenses of statute of limitations, estoppel, laches or waiver.

h. Travelers may not make any reference to the "Neglect Exclusion" in Section B.1.h of its insurance policy.

i. Travelers may not make any reference to the "Weather Conditions Exclusion" in Section B.3.a. of its insurance policy.

j. Travelers may not make any reference to the "Fungus, Wet Rot or Dry Rot Exclusion" in Section B.1.a. of its insurance policy.

k. The portion of the motion relating to Park Plaza's duty to repair the rib panels is taken under advisement. The Court will address this issue at trial.

l. Travelers may not discuss the relationship between Park Plaza's lawyers and any past or current resident at the Park Plaza Building.

m. Travelers may not criticize Park Plaza's right to file a lawsuit.

n. Speaking objections are prohibited.

o. Travelers may not comment on "attorney advertising."

p. Counsel must address each other at trial through the use of formal titles.

9. Travelers' Motion to Strike the Portions of John Bolton's Declaration that Discuss "Story Drift" (Doc. 144) was taken under advisement. The Court will rule on this motion in a separate order.

DATED this 25th day of March, 2019.

John Johnston
United States Magistrate Judge